ELECTRONICALLY
FILED
Jun 10 2019
U.S. DISTRICT COURT
Northern District of WV

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT WHEELING

**CHRISTINA MARIE MURPHY**
**MCKINNEY, as the duly appointed**
**Administratrix of the ESTATE OF**
**CHRISTOPHER ALAN MCKINNEY,**
**deceased, and MICHAEL TYLER ASCH,**
**individually,**

         **Plaintiffs,**

**v.**

      **CIVIL ACTION NO.** 5:19-cv-191 - Judge Stamp
      **CIRCUIT COURT NO. 19-C-41**

**ENVIRONMENTAL RECLAMATION**
**SOLUTIONS, LLC a foreign, for-profit**
**company doing business in the State of West**
**Virginia, and VALLIE RAY ZETTLER,**
**individually,**

         **Defendants.**

### NOTICE OF REMOVAL

        NOW COME the Defendants, Environmental Reclamation Solutions, LLC ("EnRec")

and Vallie Ray Zettler ("Zettler") (hereinafter collectively referred to at times as "Defendants'), by

counsel, Nathaniel D. Griffith, Esq., and the law firm of Pullin, Fowler, Flanagan, Brown & Poe,

PLLC, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and hereby give notice that, on the grounds set

forth below, they are removing the above styled action from the Circuit Court of Wetzel County,

West Virginia to the United States District Court for the Northern District of West Virginia, at

Wheeling.  In support thereof, Defendants state and aver as follows:

        1.      According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the

defendant or defendants, to the district court of the United States for the district and division

embracing the place where such action is pending." The original jurisdiction of this Court includes

"all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [...] citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

2.      This action is removable pursuant to 28 U.S.C. § 1332(a), as this is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and it is between citizens of different states.

3.      Upon information and belief, a complete copy of the Wetzel County Circuit Court file, including true and correct copies of all process, pleadings, and orders served in the state court action, will be submitted to this Court by the Circuit Clerk of Wetzel County, West Virginia. *See Docket Sheet for Civil Action No. 19-C-90, attached hereto as "Exhibit A."*

4.      Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a State of which the district courts of the United States have jurisdiction may be removed by the defendant(s) to the district court of the United States for the district and division embracing where such action is pending.

5.      Pursuant to 28 U.S.C. § 1446(d), Defendants are concurrently serving on Plaintiffs the Notice of Removal and also filing in the Circuit Court of Wetzel County, West Virginia, a "Notice of Filing of Notice of Removal to Federal Court". *See Notice of Filing of Notice Removal to Federal Court, attached hereto as "Exhibit B."*

**Timeliness of Removal:**

6.      This action was commenced by Plaintiffs on or about May 18, 2019.  Plaintiffs filed their Complaint in the Circuit Court of Wetzel County, West Virginia.  The matter was designated Civil Action No.19-C-41by the Circuit Court of Wetzel County, West Virginia.  *See Complaint, attached hereto as "Exhibit C."*

2

7.      Service upon EnRec was accepted by the West Virginia Secretary of State on May 22, 2019. *See West Virginia Secretary of State service of process information, attached hereto as "Exhibit D."* Per agreement of Plaintiffs' counsel and Defendants' counsel, the undersigned accepted service on behalf of Zettler on May 29, 2019.

8.      Pursuant to 28 U.S.C. § 1446(a) "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

9.      Accordingly, this *Notice of Removal* is timely filed.

**Diversity of Citizenship:**

10.     At all relevant times and prior to his death, Christopher Alan McKinney, is alleged to have resided in Harrison County, West Virginia. *Exhibit C at ¶ 1.* According to the *Complaint*, on December 3, 2018, Christina Marie Murphy McKinney, the wife of Christopher Alan McKinney, was duly qualified and appointed as administratrix of her husband's estate by the County Commission of Harrison County, West Virginia. *Exhibit C at ¶ 2.*

11.     At all relevant times, Plaintiff, Michael Tyler Asch, is alleged to have resided in Taylor County, West Virginia. *Exhibit C at ¶ 3.*

12.     EnRec is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin. *Exhibit C at ¶ 4; See West Virginia Secretary of State Business Organization Detail, attached hereto as "Exhibit E."*

3

13.     Zettler is a resident of the State of Illinois.  *Exhibit C at ¶ 5.*

14.     Therefore, diversity of citizenship exists as this an action between citizens of different states.

**Amount in Controversy:**

15.     This case arises out of a motor vehicle accident which occurred on November 25, 2018. *Exhibit C at ¶¶ 12-14.*  As a result of the accident, Christopher McKinney was killed and Plaintiff Asch is alleged to have sustained "serious, permanent and devastating injuries[.]" *Exhibit C at ¶ 18.*

16.     McKinney's estate seeks to recover damages as a result of Mr. McKinney's alleged wrongful death including conscious pain and suffering; sorrow, mental anguish, and solace, which includes loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent; loss of services, protection, care and assistance by the decedent; expenses for the care, treatment, and hospitalization of the decedent incident to the injury resulting in his death; lost wages; reasonable funeral expenses; and other damages. *Exhibit C at ¶ 20.*

17.     The *Complaint* asserts that Plaintiff Asch suffered "severe and permanent injuries, including, but not limited to multiple facial fractures and lacerations requiring extensive and multiple surgeries and the implantation of plates and screws, brain injury, a grade three spleen laceration, bone fractures, a brain injury, and other injuries all of which have caused him physical and emotional pain and suffering and will continue to cause him pain and suffering permanently into the future, as well as, permanent disfigurement, severe mental anguish, emotional distress, inconvenience, annoyance, past and future medical expenses, past and future lost wages and loss of earning capacity as well as other injuries and damages recoverable under West Virginia law."

*Exhibit C at ¶ 20.*

18.     Thus, pursuant to 28 U.S.C. § 1446(c)(2)(B), given the severity of the injuries and damages alleged, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, Defendants state that the removal of the above-captioned civil action from the Circuit Court of Wetzel County to the United States District Court for the Northern District of West Virginia, at Wheeling, is proper.

Dated this 10th day of June, 2019.

> **Defendants, Environmental Reclamation Solutions, LLC, a foreign, for-profit company doing business in the State of West Virginia, and Vallie Ray Zettler, Individually, By Counsel:**

> _/s/ Nathaniel D. Griffith_
> Nathaniel D. Griffith, WV State Bar No. 11362

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
2414 Cranberry Square, Morgantown, West Virginia 26508
Telephone:  (304) 225-2200 | Facsimile:  (304) 225-2214

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

CHRISTINA MARIE MURPHY
MCKINNEY, as the duly appointed
Administratrix of the ESTATE OF
CHRISTOPHER ALAN MCKINNEY,
deceased, and MICHAEL TYLER ASCH,
individually,

        Plaintiffs,

v.

                                                     CIVIL ACTION NO. _____
                                                     CIRCUIT COURT NO. 19-C-41

ENVIRONMENTAL RECLAMATION
SOLUTIONS, LLC a foreign, for-profit
company doing business in the State of West
Virginia, and VALLIE RAY ZETTLER,
individually,

        Defendants.

## CERTIFICATE OF SERVICE

    The undersigned, counsel of record for Defendants, does hereby certify on this 10th day of June, 2019, that a true copy of the foregoing "Notice of Removal" was served upon opposing counsel by depositing same to them in the U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

David S. Colombo, Esquire
Travis T. Mohler, Esquire
COLOMBO LAW
341 Chaplin Road, 2nd Floor
Morgantown, WV 26501

*/s/ Nathaniel D. Griffith*
Nathaniel D. Griffith, WV State Bar No. 11362

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
2414 Cranberry Square, Morgantown, West Virginia 26508
Telephone:  (304) 225-2200 | Facsimile:  (304) 225-2214