IN THE CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

CHRISTINA MARIE MURPHY MCKINNEY,
as the duly appointed Administratrix of the
ESTATE OF CHRISTOPHER ALAN MCKINNEY, deceased
And MICHAEL TYLER ASCH, Individually,

                   Plaintiffs,

V.                                      CIVIL ACTION NO. _____

                                          Judge _____

ENVIRONMENTAL RECLAMATION
SOLUTIONS, LLC, a foreign, for-profit company
Doing business in the state of West Virginia, and
VALLIE RAY ZETTLER, Individually,

                   Defendant.

## COMPLAINT

NOW COME the Plaintiffs Christina Marie Murphy McKinney, as the duly appointed Administratrix of the Estate of Christopher Alan McKinney, deceased, and Michael Tyler Asch, Individually, by their counsel, Dino S. Colombo and Travis T. Mohler, who for their Complaint against Environmental Reclamation Solutions, LLC state and aver as follows:

### Jurisdiction and Venue

1. At all relevant times and prior to his death, Christopher Alan McKinney, resided in Harrison County, West Virginia

2. On December 3, 2018, Christina Marie Murphy McKinney, the wife of Christopher Alan McKinney, was duly qualified and appointed as Administratrix of her husband's Estate by the County Commission of Harrison County, West Virginia. A copy of the Letters of Administration appointing Mrs. McKinney as the Administratrix of the Estate of Christopher Alan McKinney has been marked as Exhibit A and attached hereto.

1



3. At all relevant times, Plaintiff Michael Tyler Asch resided in Taylor County, West Virginia.

4. At all relevant times, Defendant Environmental Reclamation Solutions, LLC (hereinafter, "EnRec") was and continues to be a company organized and existing under the laws of the State of Wisconsin with its principal place of business in Chippewa Falls, Wisconsin.

5. At all relevant times, Defendant Vallie Ray Zettler was a resident of the State of Illinois.

6. Upon information and belief, Defendant EnRec is a company that provides support services to pipeline builders who, as a part of its business, operates commercial motor vehicles on the roadways in the state of West Virginia, and does business in Wetzel County, West Virginia and other counties throughout West Virginia.

7. On November 25, 2018, Defendant Zettler, an employee of EnRec, was operating a large 2019 Peterbilt Water Truck eastbound on Route 50 when he began turning left towards Flinderation Road, pulling his large Water Truck directly in front of the vehicle in which both Mr. Mckinney and Mr. Asch were passengers, completely blocking its lane of travel and causing a violent collision – killing Mr. McKinney and causing serious, permanent and devastating injuries to Mr. Asch.

8. The claims asserted herein by plaintiffs arise out of the same transaction or occurrence; namely, the November 25, 2018 collision described herein.

9. Upon information and belief, the President and all chief officers of Defendant Environmental Reclamation Solutions, LLC do not reside in the State of West Virginia.

10. Jurisdiction and venue in the Circuit Court of Wetzel County, West Virginia is proper and appropriate and this Court has personal jurisdiction over each of the parties hereto.

**Preliminary Statement**

11. The allegations and statements contained in paragraphs 1-10 above are incorporated by reference as if restated herein verbatim.

12. On November 25, 2018 both Michael Tyler Asch and Christopher Alan McKinney were passengers of a 2017 Dodge Ram driven by William G. Johnson and were travelling westbound on State Route 50.

13. On the same date, Vallie R. Zettler, an employee of EnRec was driving a 2019 Peterbilt Water Truck within the course and scope of his employment with EnRec when he illegally turned his water truck left into oncoming traffic that was approaching the intersection of Route 50 and Flinderation Road completely blocking the plaintiffs' vehicle's path of travel causing a sudden and violent collision.

14. The 2019 Peterbilt Water Truck operated by EnRec and Mr. Zettler is a commercial motor vehicle as that term is defined under state and federal law.

15. The 2019 Peterbilt Water Truck operated by Defendant EnRec had a Gross Vehicle Weight Rating ("GVWR") in excess of 26,001 pounds.

16. At all relevant times, Vallie R. Zettler was operating the 2019 Peterbilt Water Truck eastbound on State Route 50 within the course and scope of his agency/employment with EnRec.

17. On November 25, 2018, Mr. Zettler illegally failed to yield the right of way to the vehicle in which Mr. McKinney and Mr. Asch were passengers, causing a serious and violent collision.

18. On November 25, 2018, Mr. McKinney and Mr. Asch were travelling westbound on State Route 50 as passengers in a 2017 Dodge Ram pickup truck when Defendant Zettler

– operating a large water truck within the course and scope of his employment with EnRec – pulled into oncoming traffic completely blocking the Dodge Ram pickup truck's lane of travel causing a sudden and violent collision; killing Mr. McKinney and causing serious, permanent and devastating injuries to Mr. Asch.

19. The collision of the Heavy-Duty Water Truck with the vehicle in which the plaintiffs were passengers was so great that it crushed the vehicle, entrapping the plaintiffs inside.

20. As a direct and proximate result of the negligence, recklessness, and other wrongful acts of the Defendant Energy Reclamation Solutions, LLC and Defendant Zettler, the parties suffered injuries and damages as follows:

   a. Mr. McKinney's wife, Christina McKinney, and his other heirs and statutory beneficiaries, including his parents Dollie and Steven Adams and his siblings, David McKinney, Jessie Powell, Lisa Long, and Julie McKinney suffered and will continue to suffer damages as a result of Mr. McKinney's wrongful death for which they are entitled to recover, including (without limitation) death; conscious pain and suffering; sorrow, mental anguish, and solace, which includes loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent; loss of services, protection, care and assistance by the decedent; expenses for the care, treatment, and hospitalization of the decedent incident to the injury resulting in his death; lost wages; reasonable funeral expenses; and other damages which a jury in this matter deems fair and just.

   b. Michael Tyler Asch suffered severe and permanent injuries, including, but not limited to multiple facial fractures and lacerations requiring extensive and multiple surgeries and the implantation of plates and screws, brain injury, a grade

4

three spleen laceration, bone fractures, a brain injury, and other injuries all of which have caused him physical and emotional pain and suffering and will continue to cause him pain and suffering permanently into the future, as well as, permanent disfigurement, severe mental anguish, emotional distress, inconvenience, annoyance, past and future medical expenses, past and future lost wages and loss of earning capacity as well as other injuries and damages recoverable under West Virginia law.

### COUNT I – NEGLIGENCE – DEFENDANT VALLIE R. ZETTLER

21. The allegations contained in Paragraphs 1-20 above are incorporated fully herein by reference as if restated verbatim.

22. At all relevant times, Defendant Vallie R. Zettler owed the Plaintiffs and the public at large a duty to use reasonable care in operating and controlling his vehicle and a duty to obey all traffic laws and yield the right-of-way to oncoming traffic.

23. Defendant Zettler failed to use reasonable care in operating his Heavy-Duty Water Truck when he was driving in a reckless and/or careless manner, driving his truck in an overly aggressive manner, and failed to yield the right-of-way to oncoming traffic causing a sudden and serious collision with the vehicle in which the plaintiffs were passengers.

24. At all relevant times, Defendant Zettler owed the Plaintiffs and the public at large a duty to obey the laws of the state of West Virginia, including but not limited to, West Virginia Code section 17C-9-3(a).

25. Defendant Zettler caused the collision between the Heavy-Duty Water Truck he was driving and the vehicle in which the Plaintiffs were passengers, and breached his duties owed to Plaintiffs and violated West Virginia law.

26. As a direct and proximate result of the negligence, recklessness, and other wrongful acts of the Defendant Energy Reclamation Solutions, LLC and Defendant Zettler, the parties suffered injuries and damages as follows:

    a. Mr. McKinney's wife, Christina McKinney, and his other heirs and statutory beneficiaries suffered and will continue to suffer damages as a result of Mr. McKinney's wrongful death for which they are entitled to recover, including (without limitation) death; conscious pain and suffering; sorrow, mental anguish, and solace, which includes loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent; loss of services, protection, care and assistance by the decedent; expenses for the care, treatment, and hospitalization of the decedent incident to the injury resulting in his death; lost wages; reasonable funeral expenses; and other damages which a jury in this matter deems fair and just.

    b. Michael Tyler Asch suffered severe and permanent injuries, including, but not limited to multiple facial fractures and lacerations requiring extensive and multiple surgeries and the implantation of plates and screws, a grade three spleen laceration, bone fractures, a brain injury, and other injuries all of which have caused him physical and emotional pain and suffering and will continue to cause him pain and suffering permanently into the future, as well as, permanent disfigurement, severe mental anguish, emotional distress, inconvenience, annoyance, past and future medical expenses, past and future lost wages and loss of earning capacity as well as other injuries and damages recoverable under West Virginia law.

## COUNT II – VICARIOUS LIABILITY

27. The allegations contained in Paragraphs 1-26 above are incorporated fully herein by reference as if restated verbatim.

28. At all times relevant hereto, Defendant Zettler was employed by, and was an agent, servant, and/or employee of Defendant Environmental Reclamation Solutions, LLC.

29. The above-described acts of Defendant Zettler were committed within the course and scope of his employment and/or agency with the Defendant Environmental Reclamation Solutions, LLC.

30. As the master, principal, and/or employer of Defendant Zettler, Defendant Environmental Reclamations Solutions, LLC is vicariously liable for the above-described acts of Defendant Zettler which were all committed within the course and scope of his employment.

## COUNT III – PUNITIVE DAMAGES

31. The Plaintiff hereby restates the allegations contained in Paragraphs 1-30 as if re-alleged herein verbatim.

32. The Plaintiffs allege that Defendant Zettler was not only negligent, but that his conduct was wanton, reckless, and so grossly negligent that punitive damages are warranted to punish him and deter others similarly situated from acting in a similar manner.

33. The type of water truck that was driven by Defendant Zettler at the time of the collision have become ubiquitous on West Virginia roadways and have been involved in motor vehicle collisions at an alarming rate and, as such, punitive damages are both warranted and necessary to deter others similarly situated from acting in a similar manner.

7

WHEREFORE, the Plaintiff Christina Marie Murphy McKinney, as the duly appointed Administratrix of the Estate of Christopher Alan McKinney demand judgment, jointly and severally, against the Defendants Environmental Reclamation Solutions, LLC and Vallie R. Zettler for an amount that will fully, fairly, and reasonably compensate Mr. McKinney's wrongful death statutory beneficiaries and other survivors for all damages caused by the conduct of the Defendants as follows:

    a. Compensatory damages for the conscious pain and suffering of Christopher Alan McKinney prior to his death;

    b. Compensatory damages (without limitation) for sorrow, mental anguish, and solace, which includes loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent;

    c. loss of services, protection, care and assistance by the decedent;

    d. expenses for the care, treatment, and hospitalization of the decedent incident to the injury resulting in death;

    e. Lost wages;

    f. reasonable funeral expenses;

    g. other damages which a jury in this matter deems fair and just;

    h. Awarding Plaintiff her attorney's fees, costs, and expenses;

    i. Pre- and Post-judgment interest at the maximum rate permitted by law;

    j. Punitive or Exemplary Damages;

    k. Such further and additional relief as may be available and warranted under the circumstances of this case.

WHEREFORE, the Plaintiff Michael Tyler Asch, demands judgment, jointly and severally, against the Defendants Environmental Reclamation Solutions, LLC and Vallie R. Zettler for an amount that will fully, fairly, and reasonably compensate Mr. Ash for all damages caused by the conduct of the Defendants as follows:

a. All compensatory damages recoverable under West Virginia law, including, but not limited to:

   a. Past physical and emotional pain and suffering;
   b. Future physical and emotional pain and suffering;
   c. Past mental anguish, emotional distress, annoyance, and inconvenience;
   d. Future mental anguish, emotional distress, annoyance, and inconvenience
   e. Past medical expenses;
   f. Future Medical Expenses;
   g. Past Lost Wages;
   h. Future Loss of Earning Capacity;
   i. Disfigurement;
   j. Loss of the ability to function as a whole person;
   k. Past Loss of Enjoyment of Life;
   l. Future Loss of Enjoyment of Life, and

b. Punitive and Exemplary Damages;

and for the costs, expenses and fees incurred in pursuit of this action and for all of the relief to which they are entitled by law, including but not limited to, pre- and post-judgment interest on all amounts, attorneys' fees, any other damages in an amount to be determined by the Jury upon proper proof presented at trial, and for such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**

**CHRISTINA MARIE MURPHY MCKINNEY, as the duly appointed Administratrix of the ESTATE OF CHRISTOPHER ALAN MCKINNEY, Deceased and MICHAEL TYLER ASCH, Individually,
By Counsel,**

*/s/ Dino S. Colombo*

**Dino S. Colombo (WV Bar No. 5066)
Travis T. Mohler (WV Bar No. 10579)
COLOMBO LAW**
341 Chaplin Road, 2nd Floor
Morgantown, West Virginia 26501
Phone:       (304) 599-4229
Fax:          (304) 599-3861